Chad G. Boonswang, Esq., Joseph E. Mattia, Esq., Michael A. Wentz, Esq.
**THE BOONSWANG LAW FIRM**
1500 Sansom St.
Suite 200
Philadelphia, PA  19102-2800
Tel. 215.940.8900
Fax 215.974.7800
Email:  chad@boonswanglaw.com, joseph@boonswanglaw.com, michael@boonswanglaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAM DRUCKER and ALLYSON DRUCKER,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br><br><br>**Jury Trial Demanded** |

Plaintiffs, Adam Drucker and Allyson Drucker, (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, brings this action against Defendant Northwestern Mutual Life Insurance Company ("Defendant"). All allegations made in this Class Action Complaint are based upon information and belief except for those allegations that pertain to Plaintiffs, which are based on personal knowledge. Each allegation in this Class Action Complaint has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the *Federal Rules of Civil Procedure*, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

# INTRODUCTION

1. Defendant Northwestern Mutual Life Insurance Company is one of the largest life insurance companies in the United States.

2. Defendant contracts with individuals to provide life insurance policies, which are payable to the policyholder's beneficiaries upon the death of the policyholder.

3. Defendant has sold and issued numerous policies within New York.

4. Life insurance contracts issued within New York are required to comply with New York insurance law and regulations of insurance.

5. During the novel coronavirus ("Covid-19") pandemic, New York took important steps to implement changes in its insurance law to protect policyholders and beneficiaries of New York life insurance contracts.

6. Insurance companies were required to comply with these new regulations to help policyholders and beneficiaries as they dealt with the worst pandemic in the last century.

7. Defendant failed to follow these new regulations and did not provide policyholders and beneficiaries with the protections that were required by New York law.

8. Defendant purposefully chose to not properly inform policyholders and beneficiaries of these changes, effectively robbing them of the protections to which they were entitled by law.

9. Defendant also failed to properly inform its own insurance producers of these changes.

10. Insurance producers were required to notify policyholders of these important changes to New York law.

11. Defendant's failure to properly inform its own insurance agents led to numerous policyholders never receiving the legally required notice of these changes.

12. Defendant's actions have led to numerous policies being canceled improperly, as well as numerous beneficiaries not receiving the value on which their loved ones paid for years.

## PARTIES

13. Plaintiff, Adam Drucker, is a resident of New York, and currently resides in North Babylon, New York.

14. Plaintiff, Ally Drucker, is a resident of New York, and currently resided in Seaford, New York.

15. Defendant, Northwestern Mutual Life Insurance Company, is an insurance company that is incorporated in the State of Wisconsin and has its principal place of business located at 720 E Wisconsin Ave., Milwaukee, WI 53202. Defendant is one of the largest insurance companies in America with a primary part of its business in the marketing, designing, and selling life insurance products. Defendant engages in continuous and substantial business within New York.

## JURISDICTION AND VENUE

16. This court has subject matter jurisdiction over the claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because Plaintiffs are citizens of a State different from that of the Defendant and, upon the original filing of this Complaint, there are more than 100 putative Class members, and the amount in controversy exceeds $5 million, exclusive of interest and costs

17. This court has personal jurisdiction over the parties because Defendant conducts a major part of their national operations, advertising, and sales through continuous business activity in this District.

18.     Venue is further appropriate pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District, and because it has specifically marketed, advertised, and contracted extensively in New York.

19.     Venue is also proper in this Court because a substantial part of the events and actions giving rise to the harm suffered by Plaintiffs and members of the proposed Class occurred in this District

## FACTUAL BACKGROUND

### *ADAM & ALLYSON DRUCKER'S CLAIM*

20.     Craig Drucker took out life insurance policy 17153601 (the "Policy") through Defendant on August 15, 2004. (See Exhibit A).

21.     The Policy held a face value of $1,000,000 and was a 20-year term life insurance policy.

22.     Mr. Drucker then paid on the policy for the proceeding fifteen (15) years.

23.     On March 4, 2019, Craig Drucker effectuated a beneficiary change to make the beneficiaries of his policy Adam & Allyson Drucker. (See Exhibit B).

24.     In or around March 2020, the entire world was forced to deal with the sudden pandemic caused by Covid-19 and the disruption it made to everyday life.

25.     On March 7, 2020, New York's Governor, Andrew M. Cuomo, issued Executive Order Number 202 declaring a disaster emergency in the State of New York in response to Covid-19.

26.     On March 29, 2020, Governor Cuomo issued Executive Order Number 202.13, which directed the Superintendent of Financial Services to promulgate regulations to provide certain relief to policyholders, contract holders, insureds, and beneficiaries.

27. On March 30, 2020, New York's Superintendent of Financial Services, Linda A. Lacewell, implemented amendments to Titles 3 and 11 of the Official Compilation of Codes, Rules and Regulation of the State of New York to comply with Executive Order Number 202.13.

28. These changes included, *inter alia*, an extension of grace periods for premium payments.

29. These changes included a requirement that policyholders be informed of these changes so that they were kept informed of their rights.

30. These changes included a requirement that insurance companies like Defendant were required to provide a 12-month installment plan option to insureds who were dealing with financial hardships due to Covid-19.

31. These changes included a requirement that all insurance companies must notify their insurance producers of these new changes.

32. These changes included a requirement that all insurance producers must inform policyholders of these new changes.

33. These changes were to be given effect even for policies that were sent a payment cancellation notice before the effective date of Executive Order Number 202.13.

34. Craig Drucker was a licensed chiropractor.

35. Craig Drucker maintained his own business as a chiropractor.

36. When Covid-19 hit New York in early March 2020, Craig Drucker's office was forced to close so that it would comply with lockdown orders from Governor Cuomo.

37. Craig Drucker was unable to continue running his business due to the lockdowns.

38. Craig Drucker was suffering a financial hardship due to Covid-19 in March 2020.

39. On March 15, 2020, Defendant sent a premium payment notice to Craig Drucker stating that his payment due date was April 16, 2020. (See Exhibit C)

40. Craig Drucker reasonably relied on this correspondence from his insurance company.

41. Craig Drucker was led to believe he only had the specific time frame laid out in the March 15, 2020, to pay his premium.

42. This was important information for him as he had been paying on this policy for the preceding 16 years.

43. On May 19, 2020, Defendant sent two (2) letters to Craig Drucker.

44. The first letter stated that Defendant was doing Craig Drucker a special favor to help him out during the Covid-19 pandemic and extending his grace period for 90 days. (See Exhibit D).

45. The letter made no mention of the recent changes to New York laws as a result of Executive Order Number 202.13.

46. The letter explicitly states: "This means that your policy has not yet lapsed."

47. The second letter that Defendant sent to Craig Drucker on May 19, 2020, said that his policy had lapsed. (See Exhibit E).

48. There was literally no time for Craig Drucker to ever exercise his extended rights under Executive Order Number 202.13 due to Defendant's actions.

49. Defendant never informed Craig Drucker of his right to a 90-day grace period until it notified him that it had already passed.

50. Defendant never informed Craig Drucker of his right to pay his premium over a 12-month payment plan.

51. Defendant's failure to ever notify Craig Drucker of these material changes to his rights under New York law effectively robbed him of the protection afforded by Executive Order Number 202.13.

52. Defendant's actions were unconscionable and in clear violation of New York law.

53. Craig Drucker caught Covid-19 in December 2020.

54. Craig Drucker was rushed to St. Joseph's Hospital on December 24, 2020, due to complications of Covid-19.

55. One February 3, 2021, Craig Drucker succumbed to his battle with Covid-19. (See Exhibit F).

56. Plaintiffs went forward with filing a claim on Craig Drucker's policy.

57. On February 22, 2021, Defendant sent a letter stating that no coverage was in force on Craig Drucker at the time of his death and so no benefits were owed. (See Exhibit G).

58. Plaintiffs informed Defendant that benefits were owed under the Policy.

59. Defendant denied payment on the policy by asserting that the Policy had lapsed properly, and it was legally able to avoid liability.

60. Plaintiffs informed Defendant about Craig Drucker's financial hardship, as well as the changes to New York law from Executive Order Number 202.13.

61. On January 28, 2022, Defendant inexplicably asserted that it had followed all the changes issued from Executive Order Number 202.13 and had provided Craig Drucker with all the protections guaranteed by these important changes to New York law. (See Exhibit H).

62. Defendant asserted that it did provide the proper grace period.

63. Defendant asserted that it did not have to fully appraise Craig Drucker about his expanded rights under Executive Order Number 202.13.

64. Defendant asserted that it did notify all of its insurance producers about the changes to insurance law affected by Executive Order Number 202.13.

65. Defendant never informed Mr. Drucker about his right to pay premiums over a 12-month period due to financial hardship.

## CLASS ACTION ALLEGATIONS

66. Defendant is a multi-billion-dollar company that provides life insurance policies.

67. Defendant is one of the largest life insurance companies in the United States.

68. Defendant systemically operates and conducts business out of New York.

69. Defendant has sold numerous life insurance policies within New York insuring the lives of New York citizens.

70. These contracts were required to comply with New York insurance law.

71. Upon information and belief, Defendant has systemically and methodically violated changes in New York insurance law that came into being as a result of Executive Order Number 202.13.

72. Defendant has been informed of its failure to properly comply with New York law and how that has impacted countless New York citizens.

73. Defendant's failure to comply with New York law has led to numerous policies being improperly lapsed.

74. Defendant's ongoing actions have caused grave and substantial harm to numerous policyholders.

75. Defendant's unlawful inactions include, *inter alia*, not properly affording an extended grace period in accordance with Executive Order Number 202.13.

76. Defendant's unlawful inactions include, *inter alia*, its failure to properly notify its insurance producers in accordance with Executive Order Number 202.13.

77. Defendant's insurance producers did not properly reach out to policyholders to notify them of their rights in accordance with Executive Order Number 202.13.

78. Defendant failed to implement a procedure and process that would enable policyholders to be notified of their rights in accordance with Executive Order Number 202.13.

79. Defendant's inactions include its failure to inform and provide insured's dealing with financial hardship from Covid-19 a 12-month payment plan for premiums.

80. Defendant and its agents failed to properly follow the requirements that were put in place by Executive Order Number 202.13.

81. Defendant sent letters to insureds that purposefully misled and covered up the rights expanded under New York law from Executive Order Number 202.13.

82. As a result of Defendant's open and blatant breach of New York law, numerous policies have been lost and millions in coverage have disappeared.

83. Defendant purposefully chose to take steps that led to the lapse of numerous policies during the Covid-19 pandemic.

84. Defendant instituted a calculated plan to take advantage of the Covid-19 pandemic to lapse policies on which insureds had been paying for years.

85. Defendant has refused to enact policies or take corrective action to fix the issues that have arisen from its lack of adherence to New York law.

86. A Class of consumers exist that have had their valuable coverage lost as they were not afforded the protections owed to them by New York law.

87. Defendant has directly caused extensive harm to this entire Class as its actions directly deprived this Class of rights owed to them under New York law.

88. Plaintiffs will and does faithfully represent this Class as they are both members of the Class.

89. For efficiency and judicial resources, all these claims can be bought together as they all deal with the same issue: Defendant's failure to abide by New York law that was impacted by Executive Order Number 202.13.

90. Defendant's compliance with changes enacted in New York law to deal with the Covid-19 pandemic is the predominant and common question for all members of the Class.

91. A Class action is the superior method for the fair and efficient adjudication of this controversy.

92. Defendant's actions have impacted numerous New York citizens, which would cause a huge delay and expense if all these citizens had to undergo individualized litigation.

93. The precise number of members of this Class is unknown to Plaintiffs but is readily ascertainable by Defendant.

94. A Class action provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under these circumstances.

95. Moreover, many Class member remain unaware of their rights and without this class action, would remain unaware of their rights and benefit.

96. As such, Class certification provides the most efficient and effective way to adjudicate these similar claims and ensure New York citizens have their rights protected.

## COUNT I
## UNJUST ENRICHMENT

**(on behalf of Adam and Allyson Drucker, as well as the entire Class)**

97. Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

98. Defendant collects premiums in exchange for offer life insurance protection.

99. Defendant received these premiums from insureds, owners, and beneficiaries of policies.

100. Although Defendant received thousands of premiums on policies within New York, it did not provide the coverage for which insureds, owners, and beneficiaries were paying.

101. Defendant's actions have taken protections and rights away from the consumers that have purchased its life insurance policies.

102. It is against equity and good conscience to permit Defendant to gain from these improper actions.

103. Defendant is still in possession of these countless premium payments although its actions prevented numerous insureds, owners, and beneficiaries from receiving the benefit of the policy purchased from Defendant.

## COUNT II
## BREACH OF CONTRACT
**(on behalf of Adam and Allyson Drucker, as well as the entire Class)**

104. Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

105. Defendant sold life insurance contracts to policyholders residing in New York.

106. These policies were required to be compliant with New York law and insurance regulations.

107. Insurance law was changed in March 2020 as a response to Covid-19.

108.　These changes included to an extension of the grace period for 90 days.

109.　Additionally, policyholders needed to be afforded the opportunity to pay their premium over a 12-month period under certain circumstances.

110.　Policyholders and insureds were supposed to be apprised of these changes according to the Executive Order.

111.　These changes affected life insurance policies sold by Defendant.

112.　Defendant failed to properly follow these new changes in the law.

113.　Defendant failed to provide policyholders and insureds with proper notice of these changes.

114.　Defendant's failure to adequately inform policyholders of these changes effectively robbed these protections from policyholders and insureds alike.

115.　Defendant breached numerous contracts as its actions were in violation of the changes that came as a result of Executive Order Number 202.13.

116.　Due to Defendant's actions, numerous policyholders and insureds lost the valuable coverage they had been paying on for years, and in some cases, decades.

## COUNT III
## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING
**(on behalf of Adam and Allyson Drucker, as well as the entire Class)**

117.　Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

118.　All of the life insurance contracts that Defendant issued had the implied covenant of good faith and fair dealing.

119.　Defendant was required to act in good faith in its contract duties.

120. Defendant was required to not act in a manner that would frustrate policyholders and beneficiaries from receiving the benefit of the contract.

121. Defendant was required to treat all claims fairly and not act with gross disregard for the interest of policyholders and beneficiaries.

122. Defendant failed to inform policyholders of their extended rights from Executive Order Number 202.13.

123. Defendant did not provide policyholders with the ability to avail themselves to the additional benefits that arose from Executive Order Number 202.13.

124. Defendant's actions robbed rights guaranteed to policyholders and beneficiaries from Executive Order Number 202.13.

125. Defendant did not properly inform its own insurance producers to ensure that insureds and policyholders were notified in accordance with Executive Order Number 202.13.

126. Defendant's actions directly led to numerous policyholders and beneficiaries having the value of their contract frustrated by imprudent and improper communication.

127. Defendant failed to act in the best interest of policyholders when it failed to appraise them of their vital rights changed by Executive Order Number 202.13.

128. Defendant lapsed policies and caused numerous contracts to lose all value by its failure to act in accordance with the contract and New York law.

## COUNT IV
## BAD FAITH AND DECEPTIVE TRADE PRACTICES
**(on behalf of Adam and Allyson Drucker, as well as the entire Class)**

129. Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

130. Defendant's actions of violating New York law was egregious tortuous conduct.

131. Defendant took deliberate and purposefully action in the midst of Covid-19 that contravened public interest.

132. While the public was dealing with the worst pandemic in over a century, Defendant used this opportunity as a means to improperly inform policyholders and lapse policies incongruent with New York law.

133. Executive Order Number 202.13 was a response to the Covid-19 pandemic as a means to protect policyholders.

134. Defendant acted directly counter to the purpose of Executive Order Number 202.13 by failing to provide those protections to its policyholders.

135. Defendant actually misled and misinformed policyholders about their rights that were extended under Executive Order Number 202.13.

136. Defendant failed to notify its insurance producers about the important changes that came from Executive Order Number 202.13, which prevented the public from being notified in accordance with Executive Order Number 202.13.

137. Defendant lapsed policies and prevented people who were facing financial hardships from Covid-19 from receiving the protections put in place by Executive Order Number 202.13.

138. Defendant deceptively informed policyholders about changes under Executive Order Number 202.13.

139. Rather than informing policyholders about changes that came from Executive Order Number 202.13, Defendant told its policyholders that it was offering special protections just out of the kindness of its heart.

140. Defendant's misleading of the nature of these protections prevented numerous policyholders from realizing the protections of Executive Order Number 202.13.

141. Defendant did not inform policyholders of the extent of these protections, which deceptively prevented policyholders from taking advantage of the protections of Executive Order Number 202.13.

142. Defendant would sometimes inform policyholders of an extension of rights, but on the same exact day inexplicably tell those same policyholders those rights had lapsed.

143. Defendant was not truthful nor forthcoming with proper information regarding the changes in the law that came from Executive Order Number 202.13.

144. This was done systematically and methodically to prevent policyholders from realizing the protections that came from Executive Order Number 202.13.

145. Defendant had an ongoing practice of failing to properly inform policyholders of their rights and then deceptively lapsing policies incongruent with changes in New York law.

146. Defendant would send lapse notices after not fully providing a 90-day grace period.

147. Policyholders relied on this incorrect information, which then prevented them from looking further into their rights that were extended during the Covid-19 pandemic.

148. Defendant's actions targeted the public as a whole because these changes in the law were made for all consumers protections in the wake of Covid-19.

149. Defendant's actions were egregious and deceptive as it prevented the purpose and spirt of the New York law changes from ever being provided to its policyholders.

150. Defendant conducted itself entirely improperly towards all citizens of New York as it used the worst pandemic in generations as an opportunity to absolve itself of millions of dollars of liability.

151. This was an afront and an attack on the public as Executive Order Number 202.13 was made specifically to help protect the public from these exact actions.

152. Defendant knowingly and willfully failed to follow and implement the changes required by Executive Order Number 202.13.

153. Defendant's actions were unconscionable as New York state took unprecedented steps to create protections for the public from financial hardships caused by the worst pandemic in 100 years, but Defendant used the pandemic as an opportunity to lapse policies and took calculated steps to prevent the public from availing itself of these protections.

## COUNT V
## NEGLIGENT MISREPRESENTATION
**(on behalf of Adam and Allyson Drucker, as well as the entire Class)**

154. Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

155. Defendant sold life insurance policies that were governed by New York law.

156. Defendant was required by changes in New York law to provide 90-day grace periods on life insurance policies.

157. Defendant sent out numerous letters, bill notices, and correspondence that informed policyholders their grace period was substantially less than 90 days.

158. Defendant told numerous policyholders they had to pay the full premium within this shortened grace period or else benefits would lapse.

159. Defendant never informed these policyholders of their right to pay the premium over a 12-month period if they were experience a financial hardship from the Covid-19 pandemic.

160. Defendant sent numerous lapse notices that told policyholders their benefits ended after this grace period that was dramatically shorter than what was required by New York law.

161. This prevented these policyholders from figuring out their new rights because they relied on the misstatements from Defendant about the status of their policy.

162. Once these policyholders were told their policies had already lapsed, they were prevented from exercising their rights because Defendant misled them as to the status of their coverage and their rights.

163. Defendant then compounded these misleading statements by parroting them to beneficiaries.

164. Defendant informed numerous beneficiaries that policies had lapsed well before they actually did under New York law.

165. This dissuaded and misled numerous beneficiaries to not even exploring their rights under New York law.

166. Defendant should have known these statements were incorrect as it is a multi-billion-dollar insurance company that must follow New York law and regulations when selling policies within New York.

167. Defendant was well aware its policyholders and beneficiaries rely on these types of representations to understand the status of their benefits and rights.

168. Due to these statements, numerous policyholders failed to act within the legally extended 90-day grace period because Defendant told them their policies had already ended.

## COUNT VI
## DECLARATORY JUDGMENT
### (on behalf of Adam and Allyson Drucker, as well as the entire Class)

169. Plaintiffs incorporate by references all allegations of the preceding paragraphs as though fully set forth herein.

170. Defendant sold policies in New York.

171. These policies were required to comply with New York law, as well as insurance regulations.

172. New York implemented emergency protections for policyholders in the wake of the Covid-19 pandemic.

173. These changes were a result of Executive Order Number 202.13 and required insurance companies and insurance producers to provide policyholders with additional time, notices, and protections for their policies.

174. Defendant and its insurance producers wholly failed to follow these new rules and regulations passed as a result of Executive Order Number 202.13.

175. This led to numerous policyholders not receiving the additional time, notices, and protections specifically put in place by Executive Order Number 202.13.

176. This led to many policyholders and beneficiaries losing coverage and benefits on which were paid for years before the Covid-19 pandemic.

## PRAYER FOR RELIEF

177. WHEREFORE, Plaintiffs, on their own behalf, and all others similarly situated, respectfully demand judgment against Defendant as follows:

a. That the Court certify this lawsuit as a class action under Rules 23(a), b(2), and b(3) of the Federal Rules of Civil Procedure, and that Plaintiffs be designates as class representatives and that Plaintiffs' counsel be appointed as Class Counsel;

b. That the Court award declaratory judgment in favor of Plaintiffs and the Class that all contracts needed to be given 90 days grace, policyholders had to be notified on this extended grace, as well as having the opportunity to pay premiums on a 12-month installment plan, and if any of these were not provided to policyholders, then they now have the opportunity to pay the past due premiums that Defendant used to improperly lapse a policy and institute their coverage;

c. That the Court award Plaintiffs and all similarly situated members of the Class damages against Defendant for its failure to abide with New York law;

d. That the Court award Plaintiffs and the Class their cost of suit, including reasonable attorneys' fees and expenses, including expert fees, as provided by law;

e. That the court award Plaintiffs and the Class prejudgment interest at the maximum rate allowable by law;

f. That the court award punitive damages for Defendant's systemic and blatant breach of life insurance contracts that have harmed numerous policyholders and beneficiaries with impunity; and

g. That the Court aware any other relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all claims triable as a matter of right.

Dated: June 17, 2022

Respectfully submitted,
By: /s/ Chad G. Boonswang
    The Boonswang Law Firm
    1500 Sansom Street, Suite 200
    Philadelphia, PA 19102
    Tel: 215.940.8900
    Fax: 215.974.7800
    chad@boonswanglaw.com
    NY State Bar No. 5505078

By: /s/ Joseph Mattia
    The Boonswang Law Firm
    1500 Sansom Street, Suite 200
    Philadelphia, PA 19102
    Tel: 215.940.8900
    Fax: 215.974.7800
    joseph@boonswanglaw.com
    PA State Bar No. 326282
    (*Pro Hac* admission pending)

By: /s/ Michael Wentz
    The Boonswang Law Firm
    1500 Sansom Street, Suite 200
    Philadelphia, PA 19102
    Tel: 215.940.8900
    Fax: 215.974.7800
    michael@boonswanglaw.com
    PA State Bar No. 327842
    (*Pro Hac* admission pending)