UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X
Adam Drucker, et al.,

     Plaintiff(s),

 -against-

Northwestern Mutual Life Insurance Company,

     Defendant.
------------------------------------------------------ X

Case No. 22-cv-5106 (LGS)

<u>AMENDED
CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER</u>

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  The parties do not, at this time, consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.  The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a.  An employment case governed by the Initial Discovery Protocols for Employment case?  No.

  b.  A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases against the City of New York?  No.

  c.  A patent case subject to the Local Patent Rules and the Court's Individual Rules?  No.

  d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  No.

4.  Alternative Dispute Resolution/Settlement

  a.  Settlement discussions have taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed upon the following:

The parties have agreed to share relevant information in pursuit of early settlement discussions, and some such materials have already been shared with Plaintiffs.

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

The parties agree to consider participating in a private mediation.

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

The parties agree to consider participating in mediation after the close of fact discovery or at such time when the parties believe they have sufficient discovery completed to make mediation productive.

e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order**.

5. No additional parties may be joined after 30 days from the date of this Order without leave of Court.

6. Amended pleadings may be filed without leave of Court until 30 days from the date of this Order.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

8. Fact Discovery

a. All fact discovery shall be completed no later than ~~January 5, 2023~~ February 6, 2023. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by December 1, 2022.

<div style="margin-left: margin;">

*The deadlines in paragraphs 8(b) through 8(f) may be set by the written consent of all parties, provided that all fact discovery is completed by **February 6, 2023**.*

</div>

    c.    Responsive documents shall be produced pursuant to the time period dictated by the Federal Rules of Civil Procedure for that specific type of request.
Do the parties anticipate e-discovery? Yes

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by December 1, 2022.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by January 5, 2023.

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by December 1, 2022.

    g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a)**.

9.    Expert Discovery (if applicable)

    a.    Anticipated types of experts if any: The parties do not anticipate the use of experts at this time, but respectfully reserve the right to utilize such witnesses as needed in light of discovery.

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~February 17, 2023~~ **March 17, 2023**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]*

    c.    If you have identified types of experts in question 9(a), by ~~December 5, 2022~~ **February 17, 2023** [*no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery*], the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case is to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is 4 days for the individual plaintiffs' case.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

As will be set forth in a separate pre-motion letter to the Court in accordance with Your Honor's Individual Rules and Practices for Civil Cases, Defendant Northwestern Mutual

Life Insurance Company intends to move for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

13. Status Letters and Conferences

   a. By ~~November 7, 2022~~ January 6, 2023 [*60 days after the commencement of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b. By ~~January 19, 2023~~ February 20, 2023 [*14 days after the close of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On ~~March 3, 2023, at 10:30 A.M.~~ March 29, 2023 at 4:10 p.m. [*usually 14 days after the close of all discovery*], a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

      ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

Dated: November 9, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Counsel for the Parties:**

*Attorneys for Plaintiffs Adam Drucker and Allyson Drucker*

**THE BOONSWANG LAW FIRM**
By: /s/ Chad G. Boonswang
By: /s/ Joseph Mattia
1500 Sansom Street, Suite 200
Philadelphia, PA 19102
(E): Chad@boonswanglaw.com
(E): Joseph@boonswanglaw.com


*Attorneys for Defendant The Northwestern Mutual Life Insurance Company*

**FAEGRE DRINKER BIDDLE & REATH LLP**
By: /s/ *Peter M. Fabiankovic*
Peter M. Fabiankovic (PF 1951)
1177 Avenue of the Americas, 37th Floor
New York, NY 10036
(T): 212-248-3159
(E): Peter.Fabiankovic@faegredrinker.com