

**Peter M. Fabiankovic**
Associate
Peter.Fabiankovic@faegredrinker.com
+1 212 248 3159 direct

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036

+1 212 248 3140 main
+1 212 248 3141 fax

November 7, 2022

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application **GRANTED IN PART.** The parties are directed to paragraph 4(e) of the CMP, which states that the use of any alternative dispute resolution mechanism does not stay or modify any deadline, and III.C.2 of the Court's Individual Rules, which states that absent extraordinary circumstances, discovery is not stayed during the pendency of a motion to dismiss. The parties provide no basis to conclude the requested extension of 150 days is appropriate, and the parties' joint letter, filed August 31, 2022, does not suggest that discovery in this case requires an extension of this length. Because the discovery period takes place over the holidays, the parties are given an extension of thirty days. A revised CMP will issue separately. So Ordered.
>
> Dated: November 9, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:  *Adam Drucker, et al. v. The Northwestern Mutual Life Insurance Company*
<u>Case No. 22-CV-5106 (LGS)</u>

Your Honor:

We represent Defendant The Northwestern Mutual Life Insurance Company ("Defendant") in the above-captioned putative class action brought by Plaintiffs Adam Drucker and Allyson Drucker ("Plaintiffs") (together the "Parties"). In accordance with Your Honor's September 6, 2022 Civil Case Management Plan and Scheduling Order (Dkt. No. 17) ("Scheduling Order") and Individual Rule IV.A.2., the Parties are submitting this joint letter to provide an update on the status of the case. The Parties, in accordance with Individual Rule I.B.2., also submit this letter motion to respectfully request an extension of the Scheduling Order deadlines for the reasons discussed below.

I. Case Status

Plaintiffs filed the putative class action Complaint on June 17, 2022. On August 1, 2022, in response to a joint request by the Parties, the Court extended Defendant's deadline to respond to the Complaint to September 19, 2022 and adjourned the initial pre-trial conference to September 7, 2022. On September 6, 2022, the Court issued the current Scheduling Order and cancelled the initial conference in light of Defendant's intent to file a pre-answer motion to dismiss. On September 19, 2022, Defendant filed its pre-motion to dismiss letter, and Plaintiffs responded on September 26, 2022. Defendant has not filed an Answer.

On October 5, 2022, the Parties participated in a pre-motion telephone conference with the Court, and as suggested by Your Honor, the Parties agreed to participate in a settlement conference with Magistrate Judge James L. Cott before briefing the motion to dismiss. The Parties immediately began working towards scheduling the settlement conference, but due to Magistrate Cott's and the Parties' availability, the earliest available date was December 8, 2022. The Parties

intend to engage in good faith settlement discussions on December 8, 2022. The Parties are currently focusing their efforts on ensuring that the settlement conference before Magistrate Cott will be productive.

As to the discovery that has taken place, on September 20, 2022, the Parties exchanged their F.R.C.P. Rule 26(a)(1) Initial Disclosures. On October 24, 2022, Plaintiffs served their first set of discovery demands on Defendant. The Parties met and conferred to discuss discovery, and Plaintiffs agreed to provide Defendant an extension to respond to the discovery demands until after the settlement conference. In light of the upcoming December 8, 2022 settlement conference and the fact that Defendant intends to file a motion to dismiss if settlement discussions are not successful, the Parties respectfully believe that discovery would be more productive and meaningful after completion of the settlement conference. The Parties therefore respectfully request a brief extension of the Scheduling Order deadlines, as set forth below, in order to allow both sides to focus their efforts and resources on the December 8, 2022 settlement conference.

## II.     Joint Request for an Extension of the Scheduling Order Deadlines

The Parties have been diligently working to prepare for the December 8, 2022 settlement conference, the scheduling of which was completed on October 27, 2022. With approximately one month until the settlement conference, the Parties hope to focus their efforts on settlement discussions and preparing for the upcoming conference. However, under the current Scheduling Order, initial discovery demands must be served by December 1, 2022, and all fact discovery, including depositions, must be completed by January 5, 2023. No formal discovery has been exchanged to date, and neither party has noticed or taken any depositions, due in part to the fact that the Parties were intending to brief a motion to dismiss on substantive, dispositive issues. Expert discovery must also be completed by February 17, 2023.

Although the Parties have diligently and cooperatively worked together to move the case forward, the Parties respectfully submit that a brief extension (approximately 150 days) of the existing Scheduling Order deadlines is needed to engage in discovery in a manner that will allow the Parties the opportunity to thoroughly prepare their respective claims and defenses. This is the Parties' first request to extend the deadline to complete fact and/or expert discovery.

In conformance with Your Honor's Individual Rules of Practice, the Parties respectfully submit the following proposed due dates.

**Original Due Date for Serving Discovery**: December 1, 2022
**Proposed Due Date for Serving Discovery**: May 1, 2023

**Original Due Date for Fact Depositions:** January 5, 2023
**Proposed Due Date for Fact Depositions:** June 5, 2023

**Original Close of Fact Discovery:** January 5, 2023
**Proposed Close of Fact Discovery:** June 5, 2023

**Original Close of Expert Discovery:** February 17, 2023

**Proposed Close of Expert Discovery:** July 19, 2023

The Parties have also attached to this letter motion a proposed Revised Civil Case Management Plan and Scheduling Order, which sets forth all remaining proposed due dates. The Parties are submitting this request jointly, and Plaintiffs do not object to these proposed extensions of time.

Your Honor's consideration of this request is appreciated.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Peter M. Fabiankovic*

Peter M. Fabiankovic (PF 1951)
1177 Avenue of the Americas, 37th Floor
New York, NY 10036
(T):  212-248-3159
(E):  Peter.Fabiankovic@faegredrinker.com

*Attorneys for Defendant The Northwestern Mutual Life Insurance Company*

**THE BOONSWANG LAW FIRM**

By: /s/ Chad G. Boonswang (with consent)
By: /s/ Joseph Mattia (with consent)
1500 Sansom Street, Suite 200
Philadelphia, PA 19102
(E): Chad@boonswanglaw.com
(E): Joseph@boonswanglaw.com

*Attorneys for Plaintiffs Adam Drucker and Allyson Drucker*